UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE ROLLERSON,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | No. 1:15-cv-01151-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 24)** |

Petitioner Eddie Rollerson is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent Andre Matevousian, Warden, United States Penitentiary, Atwater, California, moves to dismiss the petition as erroneously brought under § 2241 rather than 28 U.S.C. § 2255. Because the U.S. Supreme Court recently held that its decision in *Johnson v. United States*, 135 S.Ct. 2551(2015), applies retroactively, the undersigned agrees that Petitioner must bring his claims pursuant to § 2255. *Welch v. United States*, 136 S.Ct. 1257 (2016). Accordingly, the undersigned recommends that the Court dismiss the above-captioned petition for writ of habeas corpus without prejudice to Petitioner's advancing his claim in a § 2255 action filed in the appropriate jurisdiction.

**I.    Procedural and Factual Background**

On August 9, 2007, in the District Court for the Southern District of Florida, Petitioner pleaded guilty to a single count of being a felon in possession of a firearm and ammunition in

1

violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On October 23, 2007, the trial court sentenced Petitioner to 180 months in prison and a five-year term of supervised release.

On July 22, 2013, Petitioner moved to vacate his sentence under § 2255.  The Florida district court adopted the findings and recommendations of the magistrate judge and denied the motion on August 6, 2014.

On July 24, 2015, Petitioner, who was then incarcerated in the United States Penitentiary, Atwater, filed the above-captioned petition for writ of habeas corpus pursuant to § 2241 in this district.  Petitioner was subsequently relocated to the Low Federal Correctional Institution, Yazoo City, Mississippi.

## II.     **Retroactive Application of *Johnson***

A felon's possession of a firearm is a crime punishable by a prison term of up to ten years.  18 U.S.C. §§ 922(g) and 924(a)(2).  The Armed Career Criminal Act of 1984 (ACCA) increased that sentence to a mandatory fifteen years to life sentence if the offender had three or more prior convictions for a serious drug offense or violent felony.  18 U.S.C. § 924(e).  The statutory definition of a violent felony included, in the so-called "residual clause," any felony that "otherwise involves conduct that presents a serious risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).   In *Johnson*, the Supreme Court held that the residual clause violated due process, striking it down as unconstitutional under the void-for-vagueness doctrine.  *Welch*, 136 S.Ct. at 1260-61.

In his § 2241 petition, Petitioner argued that under *Johnson*, he was entitled to relief from his sentence, which had been enhanced under the residual clause of § 925((e)(2)(B)(ii).  Petitioner reasoned that the effect of the *Johnson* holding was to render Petitioner actually innocent and entitled to § 2241 relief.  Respondent opposed the petition, contending that because

///

2

Petitioner had not proven that § 2255 is ineffective or inadequate to evaluate the legality of his sentence, he was not entitled to § 2241 relief.

After the parties had briefed their arguments, the U.S. Supreme Court held that *Johnson* was retroactive in cases on collateral review. *Welch*, 136 S.Ct. at 1268. As a result, the parties' arguments have become moot. Because Petitioner is now retroactively entitled to seek § 2255 relief from his sentence, which was enhanced under § 924(e)(2)(B)(ii), an unconstitutional provision, the proper avenue for relief is through a § 2255 motion in the sentencing district.[1] Accordingly, the undersigned recommends that the Court dismiss the above-captioned § 2241 petition, without prejudice to Petitioner's advancing his claim in a § 2255 petition in the proper jurisdiction.

### III.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

---

[1] Petitioner must first seek authorization of the Eleventh Circuit Court of Appeals to bring a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244 and 2255(h)(2).

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief under § 2241 to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court declines to issue a certificate of appealability.

**IV.**     **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the § 2241 petition for writ of habeas corpus without prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate

4

Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 24, 2016**        /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

5